# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

SCOTT STOWERS,

     **Plaintiff,**

v.                                 **Civil Action No. 2:18-cv-00560**

SUPREME COURT OF APPEALS OF
WEST VIRGINIA,

     **Defendant.**

## ORDER

This is a wrongful termination case in which Plaintiff Scott Stowers ("Plaintiff") alleges that he was terminated from his employment as a probation officer with Defendant Supreme Court of Appeals of West Virginia ("Defendant") because Defendant sought to retain a female probation officer instead. (ECF No. 1.) Before this Court are Defendant Supreme Court of Appeals of West Virginia's Motion for Protective Order (ECF No. 48) and Plaintiff's First Motion to Compel (ECF No. 60). Each is addressed in turn.

    A. *Defendant's Motion for Protective Order (ECF No. 48)*

Defendant seeks a protective order with respect to some of the topics Plaintiff has designated for his Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant. (*See* ECF No. 49 at 3.) The specific inquiries to which Defendant objects concern two sets of topics: one set, topics 2–14, requests information Defendant has with regard to certain allegations in the complaint; the second set, topics 15–23, requests facts Defendant uses to assert its affirmative defenses. (ECF No. 43.)

Defendant argues that the proposed topics seek information protected by the attorney–client privilege and the work product doctrine.  (ECF No. 49 at 9–10.)  The attorney–client privilege shields from disclosure the communications between a party and its counsel made for the purpose of securing legal assistance.  *See NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501–02 (4th Cir. 2013) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (per curiam)).  The work product doctrine similarly protects "documents and tangible things that are prepared in anticipation of litigation or for trial by . . . a party or its representative."  Fed. R. Civ. P. 26(b)(3)(A).  Defendant bears the burden to demonstrate that either attorney–client privilege or the work product doctrine applies.  *Interbake Foods*, 637 F.3d at 501.

The mere fact that counsel must prepare a witness for a deposition does not inherently implicate these protections.  The attorney–client privilege "only protects disclosure of communications; it does not protect the disclosure of the underlying facts by those who communicated with the attorney."  *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).  And the work product doctrine safeguards "documents and tangible things," not witness testimony.  Fed. R. Civ. P. 26(b)(3)(A).  However, proposed topics 15, 16, 17, 18, 22, and 23 are, as written in the notice of deposition, inappropriate inquires for a Rule 30(b)(6) deposition insofar as they ask the witness to offer a legal opinion.  Defendant's motion for a protective order is **GRANTED** with respect to these topics.

Defendant also urges this Court to require Plaintiff to obtain information about Defendant's denials of certain allegations in the complaint and about its affirmative defenses through the use of contention interrogatories.  (ECF No. 49 at 11–14.)  However, although couched in quotes from the complaint and answer, these topics are appropriate inquiries for a Rule 30(b)(6) deposition.  For example, topics 5–8 seek information related to the suggestion of Plaintiff's supervisor that

Plaintiff obtain a bachelor's degree and Defendant's awareness of Plaintiff's enrollment in a bachelor's degree program.  (*See* ECF No. 43 at 1–2.)  And topics 19–21 ask Defendant to explain why it believed Plaintiff was not qualified for his position and that he misrepresented his educational background.  (*Id.* at 4.)  These are fact-based inquiries that may be asked of a Rule 30(b)(6) witness.  This Court declines to force Plaintiff to use an alternate discovery mechanism merely for Defendant's convenience when Plaintiff's chosen discovery tool is proper.  Defendant's motion for a protective order is **DENIED** in this respect.

The remainder of Defendant's objections are without merit.   Therefore, Defendant Supreme Court of Appeals of West Virginia's Motion for Protective Order (ECF No. 48) is **GRANTED IN PART** and **DENIED IN PART**.

B.  *Plaintiff's Motion to Compel (ECF No. 60)*

Plaintiff seeks to compel Defendant to turn over the official personnel file and any related notes that may constitute an "unofficial" personnel file for Stacia Roberts ("Roberts"), the individual whom Plaintiff alleges replaced him shortly after he was fired.  (ECF No. 60 at 1.)  Plaintiff claims that Roberts expressed concern to Plaintiff's supervisor that her position was "about to be de-funded," and Plaintiff's supervisor was attracted to Roberts, so he fired Plaintiff in order to hire Roberts.  (*Id.* at 2.)  However, given that Roberts, a nonparty, retains a special privacy interest in the contents of her personnel file, this Court declines to order Defendant to disclose the entire file.  *See Weller v. Am. Home Assurance Co.*, No. 3:05-cv-00090, 2007 WL 1097883, at \*6–\*7 (N.D.W. Va. Apr. 10, 2007).

Instead, Defendant is **ORDERED** to disclose any information in Roberts's personnel file related to her educational background and credentials, as well as information related to her alleged request to transfer to another position or to take over Plaintiff's position.  Plaintiff has failed to

demonstrate why any other materials in the file are relevant to his claims for gender discrimination and retaliation. Plaintiff's First Motion to Compel (ECF No. 60) is **GRANTED IN PART** and **DENIED IN PART**.

The Clerk is directed to transmit a copy of this Order to counsel of record.

Enter: May 29, 2019

Dwane L. Tinsley
United States Magistrate Judge